## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————
ANAQUA, INC.,

            **Plaintiff,**

            **v.**

RALPH SCHROEDER, CARLA JOHNSON
CALLIS, and HYPERION GLOBAL
PARTNERS, LLC

            **Defendants.**
———————————————————————

        **Civil Action No.
12-10710-FDS**

## MEMORANDUM AND ORDER
## ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS
## AND DEFENDANT'S MOTION FOR DISCOVERY

**SAYLOR, J.**

On January 25, 2013, the Court granted plaintiff Anaqua's motion to dismiss its claims

pursuant to Fed. R. Civ. P. 41(a)(2).  However, the Court explicitly retained jurisdiction over the

case for the purpose of considering any motion for sanctions or costs under Fed. R. Civ. P. 11 or

any other applicable rule or statute.  On March 1, 2013, defendants Schroeder, Callis, and

Hyperion moved for an award of attorneys' fees and costs pursuant to Fed. R. Civ. P. 11, Mass.

Gen. Laws ch. 231,§ 6F; 28 U.S.C. § 1927; and Mass. R. Civ. P. 11(a).  Defendants also moved

for leave to complete discovery on matters relevant to the motion for attorneys' fees and costs.

Plaintiff subsequently filed a "bench brief" contending that the motion for attorneys' fees and

costs is barred as a matter of law and should be denied without further briefing.

Specifically, plaintiff contends that defendants cannot seek relief under Rule 11 because

they have not complied with the "safe harbor" provision of Fed. R. Civ. P. 11(c)(2).  Plaintiff

also contends that relief pursuant to 28 U.S.C. § 1927 is not available to defendants because the

claims for sanctions are based on plaintiff's commencement of the action, not any alleged

multiplication of it.  Finally, plaintiff contends that relief pursuant to Mass. Gen. Laws ch. 231,

§ 6F is not available in federal court.

## I.    Rule 11 "Safe Harbor" Compliance

The so-called "safe harbor" provision of Fed. R. Civ. P. 11(c)(2) provides as follows:

> A motion for sanctions must be made separately from any other motion and must
> describe the specific conduct that allegedly violates Rule 11(b). *The motion must
> be served under Rule 5, but it must not be filed or be presented to the court if the
> challenged paper, claim, defense, contention, or denial is withdrawn or
> appropriately corrected within 21 days after service or within another time the
> court sets.* If warranted, the court may award to the prevailing party the
> reasonable expenses, including attorney's fees, incurred for the motion.

(emphasis added).  It is undisputed that defendants did not technically comply with this

provision.  Indeed, defendants have offered no explanation as to why they neglected to follow

this straightforward procedural requirement.  Instead, defendants urge the Court to excuse their

non-compliance; in substance, they contend that a letter sent from their attorneys to plaintiff's

attorney in June 2012, achieved the purpose of the 21-day delay between service and filing in the

"safe harbor" provision.  Defendants contend that the purpose of the "safe harbor" provision is to

provide the party who may be subject to Rule 11 sanctions with notice that sanctions will be

sought and an opportunity to avoid those sanctions by voluntarily dismissing the complaint.

Courts are split as to whether technical compliance with Fed. R. Civ. P. 11(c)(2) is a

prerequisite to obtaining Rule 11 relief or whether non-compliance may be excused.  *Compare

Monahan Corp., N.V. v. Whitty*, 319 F. Supp. 2d 227, 233 (D. Mass. 2004) (finding that it would

"wrench both the language and purpose of the amendment to the Rule to permit an informal

warning to substitute for service of a motion") *with Johnson v. Univ. of Rochester Med. Ctr.*, 715

F. Supp. 2d 427, 429-430 (W.D.N.Y. 2010*)* (finding that "plaintiff and his counsel were placed on specific written notice concerning the deficiencies in plaintiff's claims and the danger of Rule 11 sanctions, and were thereafter afforded at least 21 days—indeed, more than eleven months—to consider and withdraw those frivolous claims prior to any potential imposition of sanctions. [Therefore,] . . . plaintiff has not been prejudiced by defendants' failure to strictly comply with the technical requirements of Rule 11(c)(2), and such compliance is excused.").

Technical compliance with procedural rules is certainly important—and normally not difficult to achieve—but it is not mandatory in every circumstance.  Whether non-compliance with Rule 11(c)(2) may be excused is a fact-specific inquiry; where the violation is very minor, or where no prejudice results, the rule need not be enforced to the letter.  Here, although the Court is reluctant to overlook a violation of the federal rules—particularly for the benefit of a party seeking to enforce the same rule strictly on its own behalf—the Court nonetheless finds that this case presents a circumstance where non-compliance with Fed. R. Civ. P. 11(c)(2) may be overlooked, if not entirely excused.

The June 2012 letter to plaintiff's attorney presents a fairly detailed legal argument outlining the grounds for Rule 11 sanctions.  Most importantly, the letter concludes with the following paragraph specifically invoking the "safe harbor" provision of Rule 11 and urging the plaintiff to avail itself of that provision:

> We therefore request that the Plaintiff take advantage of the Rule 11 safe harbor
> and withdraw these accusations.  If Plaintiff elects to withdraw their claims under
> the safe harbor of Rule 11(c)(2), they will face no motion following dismissal of
> this case.  If Plaintiff ignores this letter and request, we will take complete
> discovery into Plaintiff's false accusations and seek Rule 11 sanctions for every
> knowingly false and unsupported accusation that Plaintiff has made or will make
> in the future.

(Pl. Resp. Ex. 1).

Under the circumstances, the core purposes of the "safe harbor" provision have been served:  plaintiff had adequate notice of the potential claim for sanctions, it had ample time to withdraw its complaint, and it had specific notice of the invocation of the "safe harbor" provision.  Accordingly, even though defendants have not provided a justification for their failure to comply with the technical requirements of the rule, defendants will nonetheless be permitted to persist in their pursuit of relief under Rule 11.

## II.    Other Grounds for Relief

Defendants also seek relief pursuant to Mass. Gen. Laws ch. 231, § 6F; 28 U.S.C. § 1927; and Mass. R. Civ. P. 11(a).  Such relief, however, is not available in the present circumstances.

The state remedies, Mass. Gen. Laws ch. 231, § 6F and Mass. R. Civ. P. 11(a), are applicable only to cases brought in state courts.  *Brandon Assocs., LLC v. Failsafe Air Safety Sys. Corp.*, 384 F. Supp. 2d 442, 445 (D. Mass. 2005).  Defendants contend that these state-law remedies are nonetheless available because this case was initiated in state court and then removed to federal court on the basis of diversity jurisdiction.  It appears that under *Erie,* such state court remedies would not be available in federal court, because the Federal Rules of Civil Procedure squarely address the same topics.  *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).[1]  Furthermore, and in any event, the Court is not persuaded that any relief available here

---

[1]  As the court observed in *Monahan Corp., N.V. v. Whitty*, 319 F. Supp. 2d 227, 229 (D. Mass. 2004):

[I]t is well settled that the Federal Rules of Civil Procedure will supersede a state rule if a federal rule is coextensive with the state rule, and if the federal rule is otherwise constitutional.  *Hanna v. Plumer*, 380 U.S. 460 (1965).  In this case, it is clear that Rule 11 of the Federal Rules of Civil Procedure is, at the very least, coextensive with the provisions of G.L. c. 231, §  6F.  And it can hardly be said – particularly by defendants who seek relief under that Rule as well – that Rule 11 is unconstitutional.  *E.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990).  For this reason, the Rules Enabling Act precludes an award of attorneys' fees under G.L. c. 231, § 6F.

is substantially different.  Accordingly, the Court will dismiss defendants' claims for relief pursuant to Mass. Gen. Laws ch. 231,§ 6F and Mass. R. Civ. P. 11(a).

As for defendants' claims under 28 U.S.C. § 1927, that federal statute explicitly provides a remedy against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously."  The events complained of here primarily involve the commencement of a frivolous lawsuit.  Defendants essentially contend that had plaintiff or his attorney conducted even the bare minimum of research required by the federal rules, it would have become quite evident that the claims in the complaint were baseless.  Such an "alleged failure . . . to vet [a plaintiff] or investigate the bona fides of his claim" has been expressly rejected as a basis for sanctions under § 1927.  *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 65 (1st Cir. 2008).  Accordingly, the Court will dismiss the defendants' claims for relief pursuant to 28 U.S.C. § 1927.

### III.   Discovery

Defendants have also moved for leave to complete discovery with respect to their claims for sanctions.  While some discovery may be appropriate, the Court will hold a further conference with the parties at which the scope and timing of any discovery as to the remaining Rule 11 claim will be addressed.

### IV.   Conclusion

For the foregoing reasons, defendants' motion for attorneys' fees and costs is DENIED with respect to the claims pursuant to Mass. Gen. Laws ch. 231, § 6F; 28 U.S.C. § 1927; and Mass. R. Civ. P. 11(a).  Defendants' motion for discovery as to the remaining claim for relief pursuant to Fed. R. Civ. P. 11 is GRANTED, subject to further review at a future conference to

be scheduled by the Court.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: April 5, 2013                          United States District Judge