UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
ANAQUA, INC.,                       )
                                    )
      Plaintiff,                   )
                                    )
                                    )    Civil Action No.
      v.                           )    12-10710-FDS
                                    )
RALPH SCHROEDER, CARLA              )
JOHNSON CALLIS, and HYPERION        )
GLOBAL PARTNERS, LLC,               )
                                    )
      Defendants.                  )
_____ )

# MEMORANDUM AND ORDER
## ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

**SAYLOR, J.**

      This is a dispute over Rule 11 sanctions. On January 25, 2013, the Court granted the motion of plaintiff Anaqua, Inc. to dismiss its claims voluntarily pursuant to Fed. R. Civ. P. 41(a)(2). However, the Court explicitly retained jurisdiction over the case for the purpose of considering any motion for sanctions or costs under Fed. R. Civ. P. 11 or any other applicable rule or statute. On March 1, defendants Ralph Schroeder, Carla Callis, and Hyperion Global Partners, LLC moved for an award of attorneys' fees and costs pursuant to Fed. R. Civ. P. 11.

      On May 15, the motion was referred to Magistrate Judge Jennifer C. Boal. Magistrate Judge Boal issued a report and recommendation on February 21, 2014, recommending against imposing Rule 11 sanctions. Defendants filed a timely objection to the report and recommendation.

      For the following reasons, defendants' objections will be overruled, and the motion for sanctions will be denied.

**I.     Background**

The facts are summarized below as set forth in the report and recommendation.

**A.     The Parties**

Anaqua, Inc., develops and licenses intellectual-asset-management software and implementation services to corporations and law firms. Hyperion Global Partners, LLC, publishes "MarketView Reports," which evaluate and rate asset-management software, including those of Anaqua and its competitors. Hyperion also provides consulting services to assist businesses in selecting software providers. Ralph Schroeder is a former Anaqua employee who is now employed as a managing director with Hyperion. He is responsible for drafting Hyperion's MarketView Reports. Carla Callis is a former Anaqua employee who, at the time of the initiation of this lawsuit, was about to begin employment with Hyperion.

Schroder, Callis, and Hyperion all entered into non-competition or non-disclosure agreements with Anaqua. In a 2006 employment contract, Schroeder agreed not to disclose any of Anaqua's confidential information after his employment at the company had terminated. In a 2010 employment contract, Callis agreed to not disclose or use any of Anaqua's proprietary information, and not to accept employment with any of Anaqua's clients or competitors after termination. In a 2011 contract, Anaqua and Hyperion agreed to share confidential information on the condition that the information would be used solely in connection with a potential partnership and would not be disclosed without the other party's consent. The companies also agreed not to contact the other company's employees directly without prior approval.

**B.     Allegations in the Complaint**

Anaqua filed this case on February 28, 2012, in Massachusetts Superior Court. It

amended the complaint on March 1, 2012. The amended complaint alleged claims of breach of contract (Counts 1, 2, and 7); libel, false statements, and defamation (Count 3); tortious interference with contractual relations (Count 6); and unfair business practices in violation of Mass. Gen. Laws ch. 93A (Count 8).

The claims in the amended complaint were based on two sets of factual allegations. First, the amended complaint alleged that Hyperion solicited Callis's employment without Anaqua's permission. The amended complaint further alleged that, as a result of these actions, Hyperion and Callis violated their respective contracts with Anaqua. Those allegations formed the basis for Counts 5, 6, and 7 of the amended complaint.

Second, the amended complaint alleged that Schroeder and Hyperion published confidential and false information about Anaqua in two of its MarketView Reports released in 2011. It further alleged that Schroeder revealed confidential and false information about Anaqua to his clients. Those allegations formed the basis for Counts 1, 2, 3, 4, and 8 of the amended complaint.

### C. Procedural Background

On April 20, 2012, defendants removed the case to this Court. On June 22, after some initial discovery, defendants sent a letter to plaintiff contending that the complaint lacked legal and factual merit. The letter requested that plaintiff withdraw the complaint under Rule 11's safe-harbor provisions. Anaqua responded by stating it had a good-faith basis for the claims in the amended complaint.

On September 10, defendants filed a motion for partial summary judgment on the claims related to the MarketView Reports and the alleged disclosure of confidential and false

information. In response, plaintiff moved under Fed. R. Civ. P. 56(d) to complete discovery before filing a response.

On January 16, 2013, plaintiff filed a motion to dismiss the amended complaint under Fed. R. Civ. P. 41(a)(2). The Court granted the motion to dismiss on January 25, 2013, but retained jurisdiction over the case for the purpose of considering any motion for sanctions or costs.

On March 1, defendants filed a motion for attorneys' fees and costs. The motion originally requested relief under Mass. Gen. Laws ch. 231, 28 U.S.C. § 1927, Mass R. Civ. P. 11(a), and Fed. R. Civ. P. 11. The same day, defendants filed a motion requesting leave to conduct discovery to support their motion for attorneys' fees. On April 5, the Court allowed the Rule 11 claim to continue, but denied the claims under the three other theories. On April 11, the Court denied defendants' motion for discovery without prejudice as to its renewal.

On May 15, 2013, the motion for attorneys' fees and costs was referred to Magistrate Judge Boal. On February 21, 2014, Magistrate Judge Boal issued a report and recommendation on the motion for attorneys' fees. Defendants timely filed an objection to the report and recommendation.

### D. The Report and Recommendation

Defendants' motion for attorneys' fees and costs requested relief under Rule 11. Defendants contended that there was no basis for the claims in the complaint, and that plaintiff failed to conduct a reasonable inquiry into the factual and legal bases of those claims as required by Rule 11. Defendants further contended that plaintiff continued to violate Rule 11 by maintaining the lawsuit and filing pleadings supporting its frivolous claims.

The Magistrate Judge's report and recommendation split plaintiff's claims into two categories: claims based on allegations that Hyperion improperly solicited Callis and claims based on allegations that Hyperion and Schroeder released confidential and defamatory statements. The report and recommendation concluded that Rule 11 sanctions were not appropriate for either set of claims.

Defendants first object to the conclusion that the claims based on allegations that Hyperion improperly solicited Callis did not violate Rule 11. (Def. Obj. to Rep. and Recomm. at 4 n.1). However, defendants have not indicated why the analysis in the report and recommendation is flawed. Accordingly, the Court will adopt the recommendation as to the claims concerning Callis's employment.

Second, defendants object to the conclusions as to the claims based on allegations that Schroeder made confidential or defamatory statements to his clients. (*Id.*). However, they again have not indicated why the analysis in the report and recommendation as to the allegations concerning release of confidential or defamatory statements by Schroeder to his clients is flawed. Accordingly, the Court will adopt the recommendation as to those claims. The claims concerning Hyperion and the MarketView Reports are addressed below.

## II.     **Standard of Review**

A party may object to a magistrate judge's report and recommendation on nondispositive matters. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* A magistrate judge's factual findings in determining whether to impose Rule 11 sanctions are reviewed under the Rule 72(a) "clearly erroneous" rubric. *Sheppard v. River Valley Fitness One,*

*L.P.*, 428 F.3d 1, 6 (1st Cir. 2005); *see also Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999).

Under Fed. R. Civ. P. 11, a court may "impose sanctions on a party or lawyer for advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose." *CQ Int'l Co., Inc. v. Rochem Intern., Inc., USA*, 659 F.3d 53, 60 (1st Cir. 2011); *see also* Fed. R. Civ. P. 11(c)(1). The use of sanctions "serves two main purposes: deterrence and compensation." *Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1426 (1st Cir. 1992). Rule 11 is a "potent weapon," *id.*, and so "a judge should resort to [sanctions] only when reasonably necessary—and then with due circumspection." *United States v. Figueroa-Arenas*, 292 F.3d 276, 279 (1st Cir. 2002) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). "[F]or Rule 11 purposes, a party's pleading must be judged on the basis of what was reasonable when the pleading was filed rather than in hindsight." *Navarro-Ayala*, 968 F.2d at 1425.

The First Circuit has not decided "who bears what burden of proof to establish the factual predicate to the imposition of sanctions." *Augustyniak Ins. Grp., Inc. v. Astonish Results, L.P.*, 2013 WL 998770, at *7 (D.R.I. Mar. 13, 2013). The Second Circuit has held that "district courts [should] resolve all doubts in favor of the signer." *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993) (quoting *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 34-35 (2d Cir. 1992)); *see also Bygott v. Leaseway Transp. Corp.*, 1987 WL 54392, at *8 (3d Cir. 1987) (unpublished opinion); *Augustyniak*, 2013 WL 998770, at *7; 2-11 Moore's Federal Practice - Civil § 11.23 ("For example, in determining whether a particular claim is merely a losing argument or is losing and sanctionable, the trial courts are to resolve all doubts in favor of the signer." (internal quotation omitted)); George M. Vairo, *Rule 11 Sanctions: Case Law,*

*Perspectives and Preventative Measures*, 223 (Richard G. Johnson ed., ABA, 3d ed. 2004) ("All doubts regarding whether Rule 11 has been violated should be resolved in favor of the signer of the paper. Thus, the burden of proof as to whether the signer has violated Rule 11 is on the Rule 11 movant."). The Court agrees with that approach, and will follow it here.[1]

### III. Analysis

The objections to the recommendation and report only concern the claims based on allegations that defendant Hyperion published confidential and defamatory information. Defendant makes three principal objections to the conclusion that plaintiff's conduct did not violate Rule 11. First, defendant contends that the report did not address its point-by-point rebuttal to plaintiff's affidavits, which showed that the information in the MarketView Reports was neither confidential nor false. Second, it contends that the report should have applied the Rule 11 standard to plaintiff's conduct after the filing of the complaint. Third, it contends that the report unfairly assigns equal blame to both parties for plaintiff's refusal to respond promptly and candidly to the Rule 11 motion.

---

[1] In contrast, the Federal Circuit has held that "[o]nce a litigant moves based upon non-frivolous allegations for a Rule 11 sanction, the burden of proof *shifts* to the non-movant to show it made a reasonable pre-suit inquiry into its claim." *Digeo, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1368 (Fed. Cir. 2007). The rationale for that rule is that "Rule 11, in the context of patent infringement actions, requires that an attorney interpret the pertinent claims of the patent in issue before filing a complaint alleging patent infringement." *Antonious v. Spalding & Evenflo Cos., Inc.*, 274 F.3d 1066, 1072 (Fed. Cir. 2002); *see also View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000) (setting Rule 11 burden in the context of concerns about defending against baseless patent claims).

This is not, however, a patent case, where the cost of defending even baseless claims is particularly expensive. Moreover, the ordinary rule is that the moving party has the burden of proof. *See, e.g.*, Charles A. Wright & Arthur R. Miller, 10A Fed. Prac. & Proc. Civ. § 2727 (3d ed.) (burden of proof on party moving for summary judgment); *id.*, 21A Fed. Prac. & Proc. Evid. § 5053.6 (2d ed.) (burden of proof on party moving to exclude evidence); *id.*, 15 Fed. Prac. & Proc. Juris. § 3854.1 (4th ed.) (under usual motion practice for transfer of venue, "the burden is on the moving party to establish that the suggested forum is more convenient. In contrast, when the parties have entered into a contract containing a valid choice of forum provision, some courts shift the burden to the party attempting to avoid its enforcement.").

## A.     Defendant's Point-by-Point Rebuttal

"Whether a litigant breaches his or her duty under Rule 11 to conduct a reasonable inquiry into the facts and the law depends on the objective reasonableness of the litigant's conduct under the totality of the circumstances." *CQ Int'l*, 659 F.3d at 62 (quoting *Lichtenstein v. Consol. Servs. Grp., Inc.*, 173 F.3d 17, 23 (1st Cir. 1999)) (internal alteration omitted). "It is not necessary, however, 'that an investigation into the facts be carried to the point of absolute certainty.'" *Id.* (quoting *Dubois v. United States Dep't of Agric.*, 270 F.3d 77, 82 (1st Cir. 2001)). It is sufficient if a factual contention "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3); *see also CQ Int'l*, 659 F.3d at 63. When examining whether a party has failed to conduct a reasonable inquiry into the law and the facts underlying the claims in a complaint, the "factors that may be examined by a court include 'the complexity of the subject matter, the party's familiarity with it, the time available for inquiry, and the ease (or difficulty) of access to the requisite information." *CQ Int'l*, 659 F.3d at 62-63 (quoting *Navarro-Ayala*, 968 F.2d at 1425). In analyzing whether a plaintiff committed a Rule 11 violation by filing a complaint, the Court must consider the circumstances at the time of filing. *Id.* at 63.[2]

After a review of the record, the Magistrate Judge concluded that "the conduct here is simply not the egregious type for which Rule 11 was designed." (Rep. and Recomm. at 15). Although the report concluded that "[d]efendants have the better arguments in terms of the

---

[2] Defendant also contends that the report and recommendation's focus on what plaintiff knew at the time the complaint was filed is contrary to established law. Generally, "in making Rule 11 determinations, judges should not employ the wisdom of hindsight, but should consider the reasonableness of the attorney's conduct at the time the attorney acted." *Cruz v. Savage*, 896 F.2d 626, 632 (1st Cir. 1990). However, it is true that litigants have a continuing Rule 11 obligation if they reaffirm or advocate positions they learn do not have merit. Fed. R. Civ. P. 11 Advisory Committee's Note (1993). The Court addresses this contention in the next section.

evidence to support [plaintiff's] claims," ultimately it concluded that the case was not "utterly frivolous" and declined to recommend the imposition of sanctions. (*Id.*).

Defendant contends that the report and recommendation was flawed because it did not contain any analysis of their point-by-point rebuttal. (*See* Docket No. 120, Ex. A). It contends that at the time of the filing of the complaint, plaintiff knew that it had not published confidential or defamatory statements about plaintiff in its MarketView Reports, because every statement in the reports was taken from plaintiff's website, reviewed and approved by plaintiff, or a non-actionable statement of opinion. Defendant also contends that plaintiff never identified any specific portion of the MarketView Reports that contained confidential or false information.

Although the report and recommendation does not explicitly analyze defendant's point-by-point rebuttal, it does address defendant's filings. (*See* Rep. and Recomm. at 16). Indeed, the report and recommendation specifically cited to defendant's arguments concerning its point-by-point rebuttal. (*See id.* (citing Docket No. 120 at 3-10)). It is clear that the Magistrate Judge considered defendant's arguments, including its point-by-point rebuttal, in determining that "the conduct here is simply not the egregious type for which Rule 11 was designed." (*Id.*).

Defendant also contends that the report and recommendation improperly relies on plaintiff's subjective belief when determining whether it complied with Rule 11. In particular, they note that the report and recommendation states that "Anaqua identifies specific statements in the MarketView Reports that, in its view, disclose or are derived from such confidential information." (*Id.* at 16). While the Magistrate Judge does reference plaintiff's view, that section of the report and recommendation is a description of the evidence the parties put forth supporting their contentions regarding Rule 11 sanctions. The report and recommendation next

9

"evalute[s] the accused conduct based upon what was reasonable at the time [plaintiff] filed its complaint." (*Id.*). The Magistrate Judge therefore properly used an objective standard in evaluating plaintiff's conduct under Rule 11.

Judges "have broad discretion in imposing and fashioning Rule 11 sanctions." *Mariani v. Doctors Assocs., Inc.*, 983 F.2d 5, 7 (1st Cir. 1993). Under the circumstances, the Court cannot conclude that the report and recommendation reached a conclusion that was clearly erroneous or contrary to law.

B.      **Continuing Rule 11 Obligations**

Under Rule 11, "a litigant's obligations with respect to the contents [of his or her filings] are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." Fed. R. Civ. P. 11 Advisory Committee's Note; *see also Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 758 (1st Cir. 1988); *Balerna v. Gilberti*, 281 F.R.D. 63, 66 (D. Mass. 2012). "[I]f evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention." Fed. R. Civ. P. 11 advisory committee's note; *see also Soler v. Puerto Rico Telephone Co.*, 230 F. Supp. 2d 232, 238 (D.P.R. 2002). However, the rule "does not require a formal amendment to pleadings for which evidentiary support is not obtained, but rather calls upon a litigant not to thereafter advocate such claims or defenses." Fed. R. Civ. P. 11 Advisory Committee's Note.

Defendant contends that the Rule 11 notice informed plaintiff that its claims were without merit. Defendant further contends that plaintiff's failure to withdraw the complaint after it

discovered its claims were without merit violated Rule 11. Because the recommendation and report does not consider whether plaintiff should be sanctioned for its continuing Rule 11 obligations, the Court reviews the issue *de novo*.

The Advisory Committee's Note makes clear that two things must happen before a litigant violates its continuing duty under Rule 11. First, the party must fail to obtain evidentiary support for its claims "after a reasonable opportunity for investigation or discovery." Fed. R. Civ. P. 11 Advisory Committee's Note. Second, the party must "advocate such claims"; merely failing to withdraw a factually deficient complaint is not enough to impose sanctions. *Id.*

Defendant sent plaintiff its Rule 11 letter on July 13, 2012. Plaintiff moved to dismiss its claims voluntarily on January 16, 2013. In the intervening period of time, plaintiff filed the following pleadings with the Court:

1. on September 28, 2012, a proposed protective order;
2. on October 1, a motion to complete noticed discovery;
3. on October 22, a reply brief on its motion to complete notice discovery;
4. on November 7, an opposition to defendant's motion to strike the October 22 reply brief; and
5. on December 5, a motion to compel.

It appears that plaintiff filed these pleadings in an attempt to complete discovery on its claims. In addition, the parties were engaged in mediation at the time. At this point, plaintiff's investigation was still ongoing. Due to the partially accelerated discovery schedule and the intervening mediation, plaintiff, at the time, had not had a "reasonable opportunity for investigation or discovery." Fed. R. Civ. P. 11(b)(3). Accordingly, the Court declines to

11

sanction plaintiff for its advocacy during the seven-month period between receipt of defendant's Rule 11 letter and its motion to dismiss.³

### C. Unfair Blame

Finally, defendant contends the report and recommendation places unfair blame on them for plaintiff's failure to respond adequately to the Rule 11 motion. The report and recommendation comments in a footnote about the breadth and depth of the Rule 11 litigation in this case. (Rep. and Recomm. at 16 n.11). Its analysis, however does not turn on that issue. Additionally, while it appears that plaintiff dragged out the Rule 11 litigation unnecessarily, defendant is not entirely without fault. Indeed, the Court allowed defendant to pursue a Rule 11 motion despite its failure to comply fully with the technical requirements of Fed. R. Civ. P. 11(c)(2). *See Anaqua v. Schroeder*, 2013 WL 1412190, at *2 (D. Mass. Apr. 5, 2013).

In any event, the magistrate judge's decision not to impose sanctions was not based on the amount of satellite litigation the motion created. Instead, it was based on Rule 11, the relevant case law, and a review of the record. "[A]t its core, the imposition of sanctions is a judgment call." *Nyer v. Winterthur Int'l*, 290 F.3d 456, 462 (1st Cir. 2002) (quoting *Kale*, 861 F.2d at 758) (internal alterations omitted). The Court cannot conclude that the magistrate judge's conclusions, as set forth in the report and recommendation, are clearly erroneous or contrary to law.

## IV. Conclusion

For the foregoing reasons, defendants' objections to the report and recommendation of the magistrate judge are overruled, and defendants' motion for attorneys' fees and costs is

---

³ Plaintiff also contends for the first time in its reply to defendant's objection that it did not satisfy Rule 11's requirements in moving to sanction it for its conduct after filing the complaint. The Court does not decide that issue.

DENIED.

**So Ordered.**

Dated: May 5, 2014

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge